# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### WACO DIVISION

|  |  |
|---|---|
| **GREATGIGZ SOLUTIONS, LLC,**<br><br>Plaintiff<br><br>v.<br><br>**ZIPRECRUITER, INC.,**<br><br>Defendant | **Case No. 6:21-cv-0172**<br><br>**JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

GreatGigz Solutions, LLC ("Plaintiff") hereby files this Original Complaint for Patent Infringement against ZipRecruiter, Inc. ("Defendant"), and alleges, upon information and belief, as follows:

## THE PARTIES

1. GreatGigz Solutions, LLC is a limited liability company organized and existing under the laws of the State of Florida with its principal place of business at 600 S. Dixie Highway, Suite 605, West Palm Beach, Florida 33401.

2. Upon information and belief, ZipRecruiter, Inc. ("ZipRecruiter") is a domestic corporation organized and existing under the laws of Delaware, with a principal place of business located 604 Arizona Avenue, Santa Monica, CA 90401.  ZipRecruiter may be served through its registered agent in the State of Texas at Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

3.      Upon information and belief, ZipRecruiter sells and offers to sell products and services throughout the State of Texas, including in this judicial District, and introduces services via its infringing systems into the stream of commerce knowing and intending that they would be extensively used in the State of Texas and in this judicial District.  Upon information and belief, ZipRecruiter specifically targets customers in the State of Texas and in this judicial District.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this case under 28 U.S.C. §§ 1331 and 1338.

5.      This Court has personal jurisdiction over Defendant.  Defendant has continuous and systematic business contacts with the State of Texas.  Defendant directly conducts business extensively throughout the State of Texas, by distributing, making, using, offering for sale, selling, and advertising (including the provision of interactive web pages and apps) its services in the State of Texas and in this District.  Defendant has purposefully and voluntarily made its infringing systems available to residents of this District and into the stream of commerce with the intention and expectation that they will be purchased and used by consumers in this District.

6.      Upon information and belief, Defendant maintains regular and established places of business in the State of Texas and specifically within this District, which is illustrated by the fact that ZipRecruiter is actively hiring for 9 positions in Austin Texas. (See Figures 1 and 1A below).  In addition, on information and belief, there are at least 12 employees of ZipRecruiter presently residing in Austin, Texas.  (See Figure 2 below).

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT                                          2



Figure 1[1]



Figure 1A[2]



---

[1] Source, as visited on February 24, 2021: https://www.ziprecruiter.com/careers
[2] Source, as visited on February 24, 2021: https://www.ziprecruiter.com/c/ZipRecruiter/Job/National-Account-Manager/-in-Austin,TX?jid=ae83c05027cd013a

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT



Figure 2[3]

7.      Venue is proper in the Eastern District of Texas as to Defendant pursuant to at least 28 U.S.C. §§ 1391(c)(2) and 1400(b).  As noted above, Defendant maintains a regular and established place of business in this District.

## PATENTS-IN-SUIT

8.      GreatGigz Solutions, LLC is the owner, by assignment, of U.S. Patent Nos. 6.662,194 ("the '194 Patent"); 7,490,086 ("the '086 Patent"); 9,760,864 ("the '864 Patent"); and 10,096,000 ("the '000 Patent") (hereinafter collectively referred to as "the GGS Patents").

9.      The GGS Patents are valid, enforceable, and were duly issued in full compliance with Title 35 of the United States Code.

10.     The inventions described and claimed in the GGS Patents were invented by Raymond Anthony Joao.

---

[3] Source, as visited on February 25, 2021:
https://www.linkedin.com/company/ziprecruiter/people/?facetGeoRegion=us%3A64&keywords=texas

11.    The priority date of each of the GGS Patents is at least as early as July 31, 1999.

12.    The GGS Patents each include numerous claims defining distinct inventions.

13.    During prosecution of the '864 Patent, the patent examiner considered whether the claims of the '864 Patent were eligible under 35 USC §101 in view of the United States Supreme Court's decision in *Alice*.  The patent examiner found that the claims are in fact patent eligible under 35 USC §101 because all pending claims are directed to patent-eligible subject matter, none of the pending claims are directed to an abstract idea and there would be no preemption of the abstract idea or the field of the abstract idea.

14.    GreatGigz Solutions, LLC alleges infringement on the part of Defendant of the '194 Patent and the '086 Patent (the "Asserted Patents").

15.    The '194 Patent relates generally to an apparatus and method for providing recruitment information, including a memory device for Storing information regarding at least one of a job opening, a position, an assignment, a contract, and a project, and information regarding a job Search request, a processing device for processing information regarding the job Search request upon a detection of an occurrence of a Searching event, wherein the processing device utilizes information regarding the at least one of a job opening, a position, an assignment, a contract, and a project, Stored in the memory device, and further wherein the processing device generates a message containing information regarding at least one of a job opening, a position, an assignment, a contract, and a project, wherein the message is responsive to the job Search request, and a transmitter for transmitting the message to a communication device associated with an individual in real-time.  *See* Abstract, '194 Patent.

16.    The '086 Patent relates generally to an apparatus, including a memory device which stores information regarding a job opening, position, assignment, contract, or project, and information

regarding a job search request or inquiry, a processing device which processing the information regarding a job search request or inquiry upon an automatic detection of an occurrence of a searching event which is an occurrence of a job posting, a posting of new or revised data or information, a news release of a business event, an employment-related event, an economic report, industry-specific news, an event which creates an to fill a position, or an event which creates an interest to seek a position, and generates a message, containing the information regarding a job opening, position, assignment, contract, or project, responsive to the job search request or inquiry, and a transmitter which transmits the message to a communication device associated with an individual.  *See* Abstract, '086 Patent.

17.   As noted, the claims of the Asserted Patents claim priority to at least July 31, 1999.  At that time, the idea of launching ZipRecruiter.com was still several years away.

18.   The claims of the Asserted Patents are not drawn to laws of nature, natural phenomena, or abstract ideas.  Although the systems and methods claimed in the Asserted Patents are ubiquitous now (and, as a result, are widely infringed), the specific combinations of elements, as recited in the claims, was not conventional or routine at the time of the invention.

19.   Further, the claims of the Asserted Patents contain inventive concepts which transform the underlying non-abstract aspects of the claims into patent-eligible subject matter.

20.   Consequently, the claims of the Asserted Patents recite systems and methods resulting in improved functionality of the claimed systems and represent technological improvements to the operation of computers.

21.   The '194 Patent was examined by Primary United States Patent Examiner Franz Colby.  During the examination of the '194 Patent, the United States Patent Examiner searched for prior art in the following US Classifications: 705/1, 10, 11, 705/26, 707/104.1, 10, 3, and 103R.

22. After conducting a search for prior art during the examination of the '194 Patent, the United States Patent Examiner identified and cited the following as the most relevant prior art references found during the search: (i) 5,164,897, 11/1992, Clark et al.; (ii)  5,832,497, 11/1998, Taylor; (iii) 5,884.270, 3/1999, Walker et al.; (iv) 5,884.272, 3/1999, Walker et al.; (v) 5,978,768, 11/1999, McGovern et al.; (vi) 6,324,538, 11/2001, Wesinger, Jr. et al.; (vii) 6,332,125, 12/2001, Callen et al.; (viii) 6,363,376, 3/2002, Wiens et al.; (ix) 6,370,510, 4/2002, McGovern et al.; (x) 6,381,592, 4/2002, Reuning; and (xi) 6,385,620, 5/2002, Kurzius et al.

23. After giving full proper credit to the prior art and having conducted a thorough search for all relevant art and having fully considered the most relevant art known at the time, the United States Patent Examiner allowed all of the claims of the '194 Patent to issue.  In so doing, it is presumed that Examiner Colby used his or her knowledge of the art when examining the claims. *K/S Himpp v. Hear-Wear Techs., LLC,* 751 F.3d 1362, 1369 (Fed. Cir. 2014).  It is further presumed that Examiner Colby has experience in the field of the invention, and that the Examiner properly acted in accordance with a person of ordinary skill.  *In re Sang Su Lee,* 277 F.3d 1338, 1345 (Fed. Cir. 2002).

24. The '086 Patent was examined by Primary United States Patent Examiner Jean M. Corrielus. During the examination of the '086 Patent, the United States Patent Examiner searched for prior art in the following US Classifications: 707/104.1, 707/3, 10, 103R, 1, 2, 4, 5, 705/1, 10, 11, and 705/26.

25. After conducting a search for prior art during the examination of the '086 Patent, the United States Patent Examiner identified and cited the following as the most relevant prior art references found during the search: (i) 4,625,081, 11/1986, Lotito et al.; (ii) 5,164,897, 11/1992, Clark et al.; (iii) 5,978,768, 11/1999, McGovern et al.; (iv) 6,370,510, 4/2002, McGovern et al.; (v)

6,381,592, 4/2002, Reuning; (vi) 6,385,620, 5/2002, Kurzius et al.; (vii) 6,567,784, 5/2003, Bukow; (viii) 6,662,194, 12/2003, Joao; (ix) 6,873,964, 3/2005, Williams et al.; (x) 7,148,991, 12/2006, Suzuki et al.; and (xi) 2003/020531, 6/2003, Parker.

26.    After giving full proper credit to the prior art and having conducted a thorough search for all relevant art and having fully considered the most relevant art known at the time, the United States Patent Examiner allowed all of the claims of the '086 Patent to issue.  In so doing, it is presumed that Examiner Corrielus used his or her knowledge of the art when examining the claims.  *K/S Himpp v. Hear-Wear Techs., LLC,* 751 F.3d 1362, 1369 (Fed. Cir. 2014).  It is further presumed that Examiner Corrielus has experience in the field of the invention, and that the Examiner properly acted in accordance with a person of ordinary skill.  *In re Sang Su Lee,* 277 F.3d 1338, 1345 (Fed. Cir. 2002).

27.    The claims of the Asserted Patents are properly issued, valid, and enforceable.

## THE ACCUSED INSTRUMENTALITIES

28.    Upon information and belief, Defendant provides a web platform (e.g., www.ziprecruiter.com) hosted on Defendant's server comprising infrastructure including, but not limited to, memory, processors, transmitters and/or receivers that provides an online employment service/portal which connects employers and job seekers and provides job opportunities to the job seekers ("Accused Instrumentalities"). To find jobs, candidates fill in the job title and the preferred geographic location (zip code) of the job.

## COUNT I
## Infringement of U.S. Patent No. 6,662,194

29.    Plaintiff incorporates the above paragraphs by reference.

30.    Defendant has been on actual notice of the '194 Patent at least as early as the date it received service of this Original Complaint.

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT                                          8

31.     Upon information and belief, Defendant owns and controls the operation of the Accused Instrumentalities and generates substantial financial revenues therefrom.

32.     Upon information and belief, Defendant has directly infringed and continues to directly infringe at least Claims 1, 3, 7, 12 and 53 of the '194 Patent by making, using, importing, selling, and/or, offering for sale the Accused Instrumentalities.

33.     Upon information and belief, the Accused Instrumentalities comprise an apparatus for providing recruitment information.  For example, Defendant provides an online employment service/portal which connects employers and job seekers and provides job opportunities to the job seekers.  *See* Figures 3-7 below.



Figure 3[4]



Figure 4[5]

---

[4] Source, as visited on February 24, 2021: https://www.ziprecruiter.com/about
[5] Source, as visited on February 24, 2021: ,  https://www.ziprecruiter.com/about



Figure 5[6]



Figure 6[7]



Figure 7[8]

34.     Upon information and belief, Defendant's Accused Instrumentalities include a memory device

for storing information regarding at least one of a job opening, a position, an assignment, a

contract, and a project, and information regarding a job search request. For example, Defendant,

through its online employment portal, allows recruiters to post jobs along with job descriptions

("information regarding at least one of a job opening, a position, an assignment, a contract, and a

---

[6] Source, as visited on February 24, 2021: https://www.ziprecruiter.com
[7] Source, as visited on January 28, 2021: https://www.ziprecruiter.com
[8] Source, as visited on January 28, 2021: https://www.ziprecruiter.com

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT                                                  10

project"). The portal allows job seekers to search for available job opportunities. A job seeker searches jobs based on at least the title of the job, a keyword, or the location of the job ("information regarding a job search request"). Defendant's servers receive, and store (using a memory device) job posts and information regarding a job search request made by a job seeker to provide the job seeker with a list of jobs. *See* Figures 4-6 above. *See also* Figures 8-14 below.



Figure 8[9]



Figure 9[10]



Figure 10[11]



---

[9] Source, as visited on February 24, 2021: https://www.ziprecruiter.com/how-it-works
[10] Source, as visited on February 24, 2021: https://www.ziprecruiter.com/post-a-job
[11] Source, as visited on February 24, 2021: https://support.ziprecruiter.com/s/article/How-does-ZipRecruiter-work

Figure 11[12]



Figure 12[13]



Figure 13[14]

[12] Source, as visited on February 24, 2021: https://support.ziprecruiter.com/s/article/How-many-jobs-can-I-post
[13] Source, as visited on February 24, 2021: https://www.ziprecruiter.com
[14] Source, as visited on January 28, 2021: https://www.ziprecruiter.com/Search-Jobs-Near-Me

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT



Figure 14[15]

35.     Upon information and belief, Defendant's Accused Instrumentalities include a processing device
for processing information regarding the job search request upon a detection of an occurrence of
a searching event, wherein the processing device is programmed to detect the occurrence of the
searching event, wherein the processing device utilizes information regarding the at least one of
a job opening, a position, an assignment, a contract, and a project, stored in the memory device,
and further wherein the processing device generates a message containing information regarding
at least one of a job opening, a position, an assignment, a contract, and a project, wherein the
message is responsive to the job search request. For example, when a job seeker searches for job
opportunities ("a job opening, a position") by opening and logging into the Defendant's online
employment portal ("searching event"), Defendant's servers process the request and utilizing
information regarding the job posts (at least one of a job opening, a position) by employers
stored in the memory device the servers generate a message containing information including but

---

[15] Source, as visited on January 28, 2021: https://www.ziprecruiter.com/jobs-search?search=design%20engineer

not limited to the available jobs, compensation for the jobs, and location of the jobs ("information regarding at least one of a job opening, a position"). *See* Figures 4-6, 10 and 12-14 above. *See also* Figure 15 below.



Figure 15[16]

36.     Upon information and belief, Defendant's Accused Instrumentalities further include a transmitter for transmitting the message to a communication device associated with an individual, wherein the message is transmitted to the communication device in real-time. For example, when a job seeker searches for job opportunities by opening the Defendant's employment portal on a communication device including but not limited to a smartphone (using the ZipRecruiter Job Search mobile application), and a personal computer (by visiting the Defendant's website), Defendant's servers transmit the message in real-time to the communication device used by the job seeker ("individual") to inform the individual at least about the total number of available jobs that match the search criteria, where the jobs are available and compensation offered for the jobs. *See* Figures 12-15 above. *See also* Figures 16 and 17 below.

---

[16] Source, as visited on January 28, 2021: https://www.ziprecruiter.com/c/Aegis-Worldwide/Job/Mechanical-Design-Engineer/-in-Elmwood-Park,IL?jid=3278e456971978e6&lvk=2NdxlPPTCSfUNHfhqCu91A.--Ltnkwfg6J



Figure 16[17]



Figure 17[18]

37.     Upon information and belief, Defendant's Accused Instrumentalities are programmed such that they are activated automatically upon the occurrence of a searching event.

38.     Upon information and belief, the infringing "searching event" (*See* ¶ 34 above) is at least one of an occurrence of a posting of new or revised data or information from an individual or group of individuals, an employment-related event, an event which creates an interest by an individual to seek a position and an occurrence of a recruitment initiating event.

39.     Upon information and belief, Defendant's Accused Instrumentalities are utilized on or over at least one of the Internet, the World Wide Web, and a wireless communication network.

---

[17] Source, as visited on January 28, 2021: https://www.ziprecruiter.com/login?realm=candidates
[18] Source, as visited on January 28, 2021: https://www.ziprecruiter.com/mobile

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT                                           15

40.     The foregoing infringement on the part of Defendant has caused injury to Plaintiff.  The amount of damages adequate to compensate for the infringement shall be determined at trial but is in no event less than a reasonable royalty from the date of first infringement to the expiration of the '194 Patent.

41.     To the extent Defendant continues, and has continued, its infringing activities noted above in an infringing manner post-notice of the '194 Patent, such infringement is necessarily willful and deliberate.  Plaintiff believes and contends that Defendant's continuance of its clear and inexcusable infringement of the '194 Patent post-notice is willful, wanton, malicious, bad-faith, deliberate, and/or consciously wrongful.

42.     On information and belief, Defendant has a policy or practice of not reviewing the patents of others.  Further on information and belief, Defendant instructs its employees to not review the patents of others for clearance or to assess infringement thereof.  As such, Defendant has been willfully blind to the patent rights of Plaintiff.

43.     Including because of the foregoing, Plaintiff contends such activities by Defendant qualify this as an egregious case of misconduct beyond typical infringement, entitling Plaintiff to enhanced damages.  Including based on the foregoing, Plaintiff requests an award enhanced damages, including treble damages, pursuant to 35 U.S.C. § 284.

44.     Each of Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

### COUNT II
### Infringement of U.S. Patent No. 7,490,086

45.     Plaintiff incorporates the above paragraphs by reference.

46.     Defendant has been on actual notice of the '086 Patent at least as early as the date it received service of this Original Complaint.

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT                                    16

47.     Upon information and belief, Defendant owns and controls the operation of the Accused Instrumentalities and generates substantial financial revenues therefrom.

48.     Upon information and belief, Defendant has directly infringed and continues to directly infringe at least Claims 18, 19 and 27 of the '086 Patent by making, using, importing, selling, and/or, offering for sale the Accused Instrumentalities.

49.     Upon information and belief, the Accused Instrumentalities comprise an apparatus.   For example, Defendant provides a web platform hosted on Defendant's server comprising infrastructure including, but not limited to, memory, processors, transmitters and/or receivers for providing an online employment service/portal which connects employers and job seekers and provides job opportunities to the job seekers. To find jobs, candidates fill in the job title and the preferred geographic location (zip code) of the job.  *See* ¶ 33 above.

50.     Upon information and belief, Defendant's Accused Instrumentalities include a memory device, wherein the memory device stores information regarding an individual available for at least one of applying for and interviewing for at least one of a job, a job opportunity, and a hiring need, and further wherein the memory device stores information regarding a recruitment search request or inquiry. For example, Defendant's servers (using a memory device) store information regarding job seekers ("an individual available for at least one of applying for and interviewing for at least one of a job, a job opportunity, and a hiring need"). The memory device stores information including but not limited to location of the job seeker, location preferences of the job seeker, resume/CV and employment history. Further, Defendant through its online employment portal allows recruiters to post jobs and target specific job seekers based on custom keywords and geography. In addition, the portal allows employers to search for suitable candidates for a job using the resume database feature. An employer searches for candidates based on filters

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT                                          17

provided by the Defendant's job portal ("information regarding a recruitment search request or inquiry"). Defendant's servers receive, and store (using a memory device) information regarding job seekers and information regarding a recruitment search request or inquiry made by an employer to provide the employer with a list of suitable candidates for a job. *See* ¶ 34 above. *See also* Figures 18-23 below.



Figure 18[19]



Figure 19[20]

[19] Source, as visited on January 28, 2021: https://www.ziprecruiter.in/profiles/7e189c90-5695-41c0-a74c-6eb2d955adfd/edit
[20] Source, as visited on January 28, 2021: https://www.ziprecruiter.in/profiles/7e189c90-5695-41c0-a74c-6eb2d955adfd/edit

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

18



Figure 20[21]



Figure 21[22]



Figure 22[23]



Figure 23[24]

---

[21] Source, as visited on January 28, 2021: https://www.ziprecruiter.com/how-it-works
[22] Source, as visited on January 28, 2021: https://www.ziprecruiter.com/how-it-works
[23] Source, as visited on January 28, 2021: https://www.ziprecruiter.com/enterprise_how_it_works
[24] Source, as visited on January 28, 2021: https://www.ziprecruiter.com/enterprise_how_it_works

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT                                    19

51.     Upon information and belief, Defendant's Accused Instrumentalities include a processing device, wherein the processing device processes the information regarding a recruitment search request or inquiry upon a detection of an occurrence of a searching event, wherein the searching event is an occurrence of at least one of a job posting by at least one employer or at least one hiring entity, a posting of new or revised data or information from at least one individual or a group of individuals, a news release of a business event, an employment-related event, an economic report, industry-specific news, an event which creates an interest by at least one employer or at least one hiring entity to fill a position, and an event which creates an interest by at least one individual to seek a position, wherein the processing device automatically detects the occurrence of the searching event, wherein the processing device utilizes the information regarding an individual stored in the memory device in processing the information regarding a recruitment search request or inquiry, and further wherein the processing device generates a message containing information regarding the individual, wherein the message is responsive to the recruitment search request or inquiry. For example, when an employer searches for candidates for a job opening by posting a job post on the Defendant's online employment portal and/or by performing a search in the resume database ("searching event"), Defendant's servers process the request and utilizing information regarding the job seekers ("information regarding an individual") stored in the memory device the servers generate a message containing information including but not limited to the list of candidates invited to apply to the job (as a result of the job post) and resume of the job seekers which match the job criteria selected by the employer (as a result of the resume database search). *See* ¶ 35 above. *See also* Figures 18-23 above and Figures 24 and 25 below.



Figure 24[25]



Figure 25[26]

52.    Upon information and belief, Defendant's Accused Instrumentalities include a transmitter, wherein the transmitter transmits the message to a communication device associated with an employer or hiring entity. For example, when an employer searches for candidates for a job opening using the Defendant's employment portal on a communication device including but not limited to a smartphone, and a personal computer (by visiting the Defendant's website), Defendant's servers transmit the message in real-time to the communication device used by the employer to inform the employer at least about the candidates that match the search criteria and/or the job description. *See* ¶ 36 above. *See also* Figures 21-25 above.

53.    As described above (*see* ¶ 34), the infringing apparatus comprises a memory device, which stores information regarding an individual available for at least one of applying for and interviewing for at least one of a job, a job opportunity, and a hiring need.   On information and belief, such information is transmitted to the memory device of the infringing apparatus via a receiver (*i.e.,* one or more servers for the infringing apparatus, as described more fully in ¶ 34 ).   Further on information and belief, such information originates from a communication device associated

---

[25] Source, as visited on January 28, 2021: https://www.ziprecruiter.com/how-it-works
[26] Source, as visited on January 28, 2021: https://www.ziprecruiter.com/how-it-works

with the individual (via the related and/or linked web pages and mobile applications comprising the infringing apparatus), whereupon it is automatically received and stored by the infringing apparatus.

54.     As described above (*see* ¶ 34), the infringing "searching event" is an occurrence of a posting of new or revised data or information from at least one individual or a group of individuals.

55.     The foregoing infringement on the part of Defendant has caused injury to Plaintiff.  The amount of damages adequate to compensate for the infringement shall be determined at trial but is in no event less than a reasonable royalty from the date of first infringement to the expiration of the '086 Patent.

56.     To the extent Defendant continues, and has continued, its infringing activities noted above in an infringing manner post-notice of the '086 Patent, such infringement is necessarily willful and deliberate.   Plaintiff believes and contends that Defendant's continuance of its clear and inexcusable infringement of the '086 Patent post-notice is willful, wanton, malicious, bad-faith, deliberate, and/or consciously wrongful.

57.     On information and belief, Defendant has a policy or practice of not reviewing the patents of others.  Further on information and belief, Defendant instructs its employees to not review the patents of others for clearance or to assess infringement thereof.  As such, Defendant has been willfully blind to the patent rights of Plaintiff.

58.     Including because of the foregoing, Plaintiff contends such activities by Defendant qualify this as an egregious case of misconduct beyond typical infringement, entitling Plaintiff to enhanced damages.  Including based on the foregoing, Plaintiff requests an award enhanced damages, including treble damages, pursuant to 35 U.S.C. § 284.

59.     Each of Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

## **PRAYER FOR RELIEF**

WHEREFORE, GreatGigz Solutions, LLC respectfully requests the Court enter judgment against Defendant as follows:

1.      Declaring that Defendant has infringed each of the Asserted Patents;

2.      Awarding GreatGigz Solutions, LLC its damages suffered because of Defendant's infringement of the Asserted Patents;

3.      Awarding GreatGigz Solutions, LLC its costs, attorneys' fees, expenses, and interest;

4.      Awarding GreatGigz Solutions, LLC ongoing post-trial royalties; and

5.      Granting GreatGigz Solutions, LLC such further relief as the Court finds appropriate.

## **JURY DEMAND**

GreatGigz Solutions, LLC demands trial by jury, under Fed. R. Civ. P. 38.

Dated:  February 25, 2021                         Respectfully Submitted

*/s/ René A. Vazquez*
René A. Vazquez
Virginia Bar No. 41988
rvazquez@ghiplaw.com
M. Scott Fuller
Texas Bar No. 24036607
sfuller@ghiplaw.com
Randall Garteiser
Texas Bar No. 24038912
rgarteiser@ghiplaw.com
Christopher Honea
chonea@ghiplaw.com
Texas Bar No.  24059967
Thomas Fasone III
Texas Bar No. 00785382
tfasone@ghiplaw.com

**GARTEISER HONEA, PLLC**
119 W. Ferguson Street
Tyler, Texas 75702
Telephone: (903) 705-7420
Facsimile: (888) 908-4400

**ATTORNEYS FOR**
**GREATGIGZ SOLUTIONS, LLC**