IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **GREATGIGZ SOLUTIONS, LLC,**<br>*Plaintiff*<br><br>-vs-<br><br>**ZIPRECRUITER, INC.,**<br>*Defendant* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **W-21-CV-00172-ADA** |

### ORDER GRANTING MOTION TO DISMISS FOR IMPROPER VENUE

Came on for consideration this date is the Motion to Dismiss for Improper Venue (the "Motion") of Defendant ZipRecruiter, Inc. ("Defendant" or "ZipRecruiter"). Defendant filed the Motion on May 7, 2021. ECF No. 8. Plaintiff GreatGigz Solutions, LLC ("Plaintiff" or "GreatGigz") filed its Opposition to Defendant's Motion on May 21, 2021. ECF No. 11. Defendant's Reply was filed on May 28, 2021. ECF No. 12. After careful consideration of the briefing and arguments, the Court **GRANTS** Defendant's Motion to Dismiss for Improper Venue.

### I.   BACKGROUND

On February 25, 2021, GreatGigz filed its Complaint against ZipRecruiter alleging infringement of United States Patent Nos. 6,662,194 and 7,490,086 (collectively, the "Patents") because the Defendant makes, uses, offers for sale, sells, and advertises its services through the use of memory processors, transmitters and/or receivers that provide an online employment service which connects employers and potential employees. ECF No. 1 ¶¶ 14, 28, 32, 48. GreatGigz alleges that each of the Patents are "valid, enforceable, and were duly issued in full compliance with Title 35 of the United States Code" and have a priority date "at least as early as

1

July 31, 1999." ECF No. 1 ¶¶ 9, 11. On May 7, 2021, ZipRecruiter filed a Motion to Dismiss the action for improper venue under Rule 12(b)(3). ECF No. 8.

GreatGigz is a limited liability company organized under Florida law. ECF No. 1 ¶ 1. ZipRecruiter is a domestic corporation organized under Delaware law. ECF No. 1 ¶ 1; ECF No. 8 at 1. GreatGigz's Complaint states that venue is "proper in the Eastern [*sic*] District of Texas pursuant to at least 28 U.S.C. §§ 1391(c)(2) and 1400 (b)" because "Defendant maintains a regular and established place of business in this District." ECF No. 1 ¶ 7.[1]

## II.   LEGAL STANDARD

Section 1400(b) of title 28 of the United States Code "constitute[s] the exclusive provision controlling venue in patent infringement proceedings." *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1518 (2017) (internal quotation marks omitted). A claim for patent infringement must be brought "in the judicial district where the defendant resides" or "where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b); *see also Optic153 LLC v. Thorlabs Inc.*, Civil Action No. 6:19-CV-00667-ADA, 2020 WL 3403076, at *2 (W.D. Tex. June 19, 2020). Section 1400(b) is intentionally restrictive, and it is Plaintiff's burden to establish proper venue. *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013–14 (Fed. Cir. 2018).

Under the first prong, the Supreme Court has held that "a domestic corporation 'resides' only in its State of incorporation for purposes of the patent venue statute." *TC Heartland*, 137 S. Ct. at 1517. Under the second prong, the Federal Circuit interpreted a "regular and established place of business" to impose three general requirements: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place

---

[1] Plaintiff failed to allege in its Complaint that venue is proper in the Western District of Texas.

of the defendant." *In re Cray Inc.,* 871 F.3d 1355, 1360 (Fed. Cir. 2017). Failure to satisfy any statutory requirement requires a finding of improper venue. *Id.*

### III.   ANALYSIS

#### A.   ZipRecruiter Does Not Reside in the Western District of Texas

Under § 1400(b), a claim for patent infringement must be brought (1) "in the judicial district where the defendant resides," or (2) "where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). As mentioned, ZipRecruiter resides in the District of Delaware. It is undisputed that venue would be improper as to ZipRecruiter under the first prong of 28 U.S.C. § 1400(b).

Since ZipRecruiter does not reside in the District, venue is dependent on the Court's analysis of the second prong: "where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). ZipRecruiter contends that venue is improper in the Western District of Texas, alleging it has no regular and established place of business in this District. ECF No. 8 at 2. Conversely, GreatGigz maintains that venue in the Western District of Texas is appropriate because ZipRecruiter has a regular and established place of business either through the homes of its remote employees or its lease that lapsed eight months before the filing of this suit. ECF No. 11 at 1.

#### B.   ZipRecruiter Does Not Have a Regular and Established Place of Business in the Western District of Texas.

Proper venue under the second prong of § 1400(b) requires: (1) a physical place in the district; (2) that the physical place be a regular and established place of business; and (3) that the physical place be the defendant's place. *Cray*, 871 F.3d at 1360. A plaintiff must prove all three

requirements to establish proper venue under the second prong of the statute. In the case at hand, GreatGigz fails to meet its burden.

As noted, GreatGigz bases its venue argument on the assertion that ZipRecruiter maintains a regular and established place of business in the District. GreatGigz supports its argument with assertions that: (1) ZipRecruiter leased an office space in Austin until June 30, 2020; (2) the COVID-19 pandemic required ZipRecruiter's employees to suddenly begin working from home; (3) the pandemic and ZipRecruiter's move to remote work caused ZipRecruiter to let its lease lapse; (4) the prior lease "suggests that [ZipRecruiter] do [*sic*] have a need for employees that are physically located in the Austin area"; and (5) the remote employees' homes now serve as the "physical location" of ZipRecruiter's supposed place of business. ECF No. 11 at 1–3. Essentially, GreatGigz is requesting that this Court expand the language of § 1400(b) and its accompanying test in *Cray*. The Court, however, remains unpersuaded and refuses to develop the law as requested.

> *i.*   *The Covid-19 pandemic has not changed what is considered a "regular and established place of business" under § 1400(b).*

GreatGigz bases a large part of its argument on a lease for office space held by ZipRecruiter that was terminated only a few months into the COVID-19 pandemic. GreatGigz maintains, and ZipRecruiter does not dispute, that "prior to the termination of their [*sic*] lease, Defendant leased a 'physical place' in Austin were [*sic*] employees worked, which qualified as a 'regular and established' place of business." ECF No. 11 at 2. However, GreatGigz goes on to claim that because "the COVID-19 pandemic forced workers to work remotely" this "in effect transferred the 'regular and established place of business' from [ZipRecruiter's] previously leased office space to the employees [*sic*] homes." *Id.* (emphasis omitted). In making this claim, GreatGigz strongly emphasizes that the lease lapsed only a few months into the infamous

4

COVID-19 pandemic. Although it is true that the on-going pandemic has had far-reaching effects, those effects do not on their own work to spontaneously change the law as GreatGigz seems to suggest.

Even if the Court were to consider expanding the law, GreatGigz does not sufficiently support its argument. GreatGigz made no showing, beyond mere speculation, as to why ZipRecruiter allowed the lease to lapse. If GreatGigz wanted the Court to prevent ZipRecruiter from "escap[ing] this District's jurisdiction," then GreatGigz had the burden of proving that—the Court will not allow GreatGigz to use the pandemic as a means of lowering its burden. ECF No. 11 at 2. Accordingly, the traditional § 1400(b) analysis applies.

### ii. *ZipRecruiter does not have a physical location in the Western District of Texas.*

The first requirement of § 1400(b) necessitates that there be a "physical, geographical location in the district from which the business of the defendant is carried out" *Cray*, 871 F.3d at 1362. The location, however, does not need to "be a 'fixed physical presence in the sense of a formal office or store'"; rather, the location can be any "building or part of a building set apart for any purpose or quarters of any kind from which business is conducted." *See id.* Undoubtedly, a leased office space or an employee's home *can* be considered a "physical place" as it applies to this requirement. However, the facts at hand demonstrate that neither the prior lease nor the remote employees' homes satisfy the other two elements of the *Cray* test in this instance.

### iii. *A prior regular and established place of business does not create a current regular and established place of business.*

As mentioned above, GreatGigz relies on a lease ZipRecruiter held for about a year and a half that was terminated about 8 months before the current litigation began. A fundamental and unwavering rule applied by courts when determining whether venue is proper is that the

"relevant time for any venue analysis is the time of filing of the complaint"—events prior to or after a complaint is filed are irrelevant except to the extent they logically establish a continuous presence up to the date of filing. *See eRoad Ltd. v. PerDiemCo LLC*, No. 6:19-CV-00026-ADA, 2019 WL 10303654, at *6 (W.D. Tex. Sept. 19, 2019); *see also Pers. Audio, LLC v. Google, Inc.*, 280 F. Supp. 3d 922, 931 (E.D. Tex. December 1, 2017). However, *TC Heartland* renewed many questions about patent venue law, including the question first brought to light in 1969 by the *Welch* Court: During what time period must a company have a regular and established place of business in the District for venue to be proper. Since the resurrection of the *Welch* case through *TC Heartland*, two main schools of thought have arose: (1) the traditional approach that looks only at the facts and circumstances *at the time of filing*, and (2) a reasonable and fair standard that looks at whether the defendant had a regular and established place of business *at the time the cause of action accrued* and whether the *suit is filed within a reasonable time thereafter. Compare Pers. Audio*, 280 F. Supp. 3d, *with Welch Sci. Co. v. Hum. Eng'g Inst., Inc.*, 416 F.2d 32 (7th Cir. 1969). This Court has not had a chance to decide this issue yet.

In *Welch,* Welch sued HEI for patent infringement in the Northern District of Illinois on July 21, 1967. *Welch*, 416 F.2d at 33. Although one of HEI's training schools was located in the district, HEI had entered negotiations to sell the building and eventually finalized that sale on August 30, 1967. *Id.* However, there were no training activities conducted and the building was not used by HEI after June 15, 1967. *Id.* HEI alleged that beginning on June 15, 1967, it no longer had a regular and established place of business in the district because it no longer had operations in the district—even if it still owned the building. *See id.* Thus, HEI argued, venue was improper. The Seventh Circuit did not agree.

The Seventh Circuit held that the time of filing was not the relevant time period. *Id.* at 35. Instead, the court held that "venue is properly lodged in the district if the defendant had a regular and established place of business **at the time the cause of action accrued** and suit is *filed within a reasonable time thereafter*." *Id.* (emphasis added). Until June 15, 1967, when HEI ceased conducting business in the district, venue would have been proper if infringement had occurred and a suit was filed. *Id.* at 36. According to the *Welch* Court, "37 days later, when plaintiff [actually] filed suit, venue could still be lodged in the district under section 1400(b)," despite no longer conducting business operations, because this was the reasonable and fair outcome. *See id.* at 36, 35. Based on this holding, "a defendant cannot establish a business in a particular judicial district and then abandon or sell it without remaining amenable to suit for venue purposes in that district for a reasonable time." *Id.* at 35.

The Court in *Personal Audio, LLC v. Google, Inc.* reached a differing conclusion. Similar to the defendant in *Welch*, Google raised the issue of improper venue with the Court, claiming that it did not have a regular and established place of business in the district *at the time the suit was filed*. *Personal Audio*, 280 F. Supp. 3d at 930. The lease on Google's only property in the district terminated on August 31, 2015, and suit was filed on September 15, 2015. *Id.* at 932. Additionally, since November 8, 2013, no Google employee worked in that office, and the office was closed a month later. *Id.* During the intervening time period, Google subleased the property to another company. *Id.*

Personal Audio proposed the fair and reasonable standard used in *Welch*, arguing that, because of the short time period between the end of the lease and filing of the suit, venue should still be proper. *Id.* at 930. The court disagreed. *Id.* at 931. Narrowly construing the statute, the court concluded that, because the language was written in the present tense, rather than past

7

tense, "venue is determined under § 1400(b) by the facts and situation *as of the date suit is filed*." *Id.* (emphasis added). The court ultimately held that the leased space had not been a "regular and established place of business" since the end of 2013, when the office was closed. This Court agrees with the *Personal Audio* court's narrower, language based approach: There must be a regular and established place of business at the time of filing.

The first step in determining the meaning of a statute is to look at the statute's plain language, giving all undefined words their ordinary meaning. *See Artis v. D.C.*, 138 S. Ct. 594, 603 (2018). It is only if the language is ambiguous that you move on to the canons of construction. *Id.* Here, the language is clear—venue is proper in a district where the defendant *has* a regular and established place of business. Accordingly, the Court will look only to the venue facts as they were at the time the complaint was filed. Here, those facts do not support that ZipRecruiter's lease, which terminated 8 months *before* suit was filed, constitutes a regular and established place of business for venue purposes. Consequently, venue is not proper based on the terminated lease.

### iv. *The mere presence of employees in the District is insufficient to satisfy a regular and established place of business of ZipRecruiter.*

GreatGigz also argues that ZipRecruiter's remote employees' homes are sufficient to satisfy the regular and established business requirement. Under the facts presented, the Court rejects that argument. The second and third requirements enumerated under *Cray* dictate that the place be "a regular and established place of business" and must "be the place of the defendant." *Cray*, 871 F.3d at 1360.

When determining whether a place is "regular" and "established," courts consider the permanence of the location, whether the activity at the location is sporadic, and, if the place is an employee's home, whether the employee can move out of the district without the approval of his

employer. *See id.* at 1362–63. Here, GreatGigz presents no evidence or facts that would show any one of these factors is present. In fact, GreatGigz's argument pertaining to this requirement blatantly misstate the law. In its brief to the Court, GreatGigz claims that "[a]s long as the location of the home of the employees within the district is meaningful to the role of the employees with the defendant . . . they qualify as 'places of business.'" ECF No. 11 at 3. The only support GreatGigz offers is an isolated statement it plucks from *Cray* itself. However, neither *Cray* nor its progeny stand for this proposition. Rather, the Federal Circuit held in *Cray* that "while a business can certainly move its location, it must for a *meaningful time period* be stable, established." *Cray*, 817 F.3d at 1363.

The Court finds GreatGigz's argument that ZipRecruiter conditions employment on an employee's continued residence in the District equally unpersuasive. To rebut ZipRecruiter's statement that it does not condition employment in this manner, GreatGigz presented screenshots of a Data Engineer position posted by ZipRecruiter in the Austin market that states, "All employees are working remotely due to Covid-19 and we have committed to not require a return to the office until September 2021 at the earliest." ECF No. 11 at 4. Yet, this does not show nor imply that ZipRecruiter conditions employment on an employee's continued residence in the District. Moreover, affidavit testimony of ZipRecruiter's human resource director, Tim Odegaarden, expressly states that ZipRecruiter does not plan to open a Texas office in September 2021 or at any time after the Covid-19 pandemic. ECF No. 8-1 ¶ 3. For the above reasons, the second requirement is not met.

Under the third requirement, to determine whether the place is "of the defendant" and not solely the place of the defendant's employee, courts consider: (1) whether the defendant owns or leases the place; (2) whether the defendant exercises other attributes of possession or control

over the place; (3) whether the defendant conditioned the employee's employment on continued residence in the district; and (4) whether the home was used to store, distribute, or sell the defendant's goods. *Id.* at 1363. Courts will also consider a defendant's own representations, including: (1) whether marketing and advertisements hold the homes out as a place for business; (2) whether the defendant lists the home on its website or in a telephone directory; and (3) whether the defendant's name is on a sign associated with the building. *See id.* at 1363–64. However, the "mere fact that a defendant has advertised that it has a place of business or set up an office is not sufficient" on its own. *Id.* Rather, the defendant must "actually engage in business from that location." *Id.*

GreatGigz fails to show that the homes of the 17 employees are places of ZipRecruiter, and not just places of its employees. ZipRecruiter has alleged, and GreatGigz has not sufficiently rebutted, that the homes of these employees are not subject to the control of ZipRecruiter. Additionally, ZipRecruiter does not own or pay for said homes. ECF No. 8 at 9. Furthermore, ZipRecruiter does not sell goods, so there is no evidence to support that the homes are, or could be, used for storage, or as a location from which ZipRecruiter's goods are sold or distributed. There is no evidence to support that ZipRecruiter has ratified or established these homes as a place of business.

Although GreatGigz presents evidence that ZipRecruiter advertises its employees live in Austin and that remote positions with the company are available for Austin residents, GreatGigz does not establish that any of these listings claim the alleged place of business (the employees' homes) is ZipRecruiter's own place of business or that these remote-employee candidates must live in the Austin area to work for ZipRecruiter. In fact, the listings state in no uncertain terms that all of the jobs posted are remote positions that allow the candidate to be located *anywhere*

within the United States—there is no requirement that the remote candidates live in Austin. ECF No. 11 at 2–3; ECF No. 8 at 9. ZipRecruiter simply has employees who chose to, but are not required to, live in the District. ECF No. 8 at 9. The other two factors concerning a defendant's representations—listing the home on a website or in the telephone book and displaying the defendant's name on a sign on the building—are clearly not met here either as GreatGigz offers no evidence in support.

Finally, the court may compare this District with another district where ZipRecruiter has employees or conducts business. When comparing the nature and activity of ZipRecruiter's alleged place of business in the Western District of Texas with its other places of business, it is apparent that ZipRecruiter does not have a regular and established place of business in the District. While 17 remote employees currently live in the District, ZipRecruiter's Linkedin profile shows that it has over 1,000 other employees—notably, nearly 500 in the surrounding Phoenix, Arizona area and nearly 300 in Los Angeles, California. ECF No. 8 at 8; ECF No. 8-1 ¶ 4. ZipRecruiter has several offices, including multiple offices in California and Arizona. ECF No. 8-1 ¶ 3. Comparatively, ZipRecruiter does not maintain an office in the Western District of Texas. *Id.* ¶ 5. For these reasons, the third requirement is not met.

ZipRecruiter's lapsed lease cannot be used by Plaintiff as ZipRecruiter's "regular and established place of business." Additionally, the homes of ZipRecruiter's remote employees do not constitute a "regular and established place of business" because those places are not regular nor established and those places are not "places of the defendant." The Court agrees with ZipRecruiter that, based on the time of filing, ZipRecruiter did not have a regular and established place of business in this District and venue is therefore improper.

## IV. CONCLUSION

For the above reasons, the Court finds that venue is improper in the Western District of Texas. It is therefore **ORDERED** that Defendant ZipRecruiter, Inc.'s Motion to Dismiss for Improper Venue is hereby **GRANTED**.

SIGNED this 11th day of February, 2022.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE